IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KEVIN TUCKER,<br><br>            Petitioner,<br><br>vs.<br><br>MICHAEL MYERS,<br><br>            Respondent. | **8:21CV475**<br><br>**MEMORANDUM AND ORDER** |

      This matter is before me on initial review of Petitioner Kevin Tucker's ("Petitioner" or "Tucker") Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241.[1] (Filing 1.) For the reasons discussed below, I will dismiss Tucker's petition without prejudice.

      Tucker is a state pretrial detainee confined at the Douglas County Department of Corrections ("DCDC") in Omaha, Nebraska. Tucker alleges he is challenging disciplinary proceedings in which he "was accused of physical assault" and subjected to "11 days of lockdown" and "excessive and unnecessary force." (Filing 1 at CM/ECF p. 2 (capitalization and spelling corrected).) Condensed and summarized, Tucker alleges violations of his due process rights under the Fourteenth Amendment because he was subjected to excessive force, he received false disciplinary charges without proper "procedural paperwork," and he was denied follow-up medical care for his injuries. (*Id*. at CM/ECF pp. 6–7.) As relief, Tucker seeks "[i]mmediate release," damages for future medical expenses, and investigation into the use of force on Tucker and other inmates and into

---

[1] I conduct this initial review of the petition pursuant to 28 U.S.C. § 2243 and Rule 1(b) of the *Rules Governing Section 2254 Cases in the United States District Courts* which allows the court to apply Rule 4 of those rules to a section 2241 action.

"procedures and protocols to not allow other inmates to have to stay in bloody uniforms and proper medical provisions." (*Id.* at CM/ECF p. 7.)

Tucker's claims are civil rights claims related to his conditions of confinement which are not the proper subject of a habeas corpus action. As the Supreme Court of the United States has explained,

> Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); requests for relief turning on circumstances of confinement may be presented in a § 1983 action.

*Muhammad v. Close*, 540 U.S. 749, 750 (2004).

Regarding Tucker's request for release, "[t]he writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. Tucker makes no such allegations. Because it "plainly appears from the petition . . . that [Tucker] is not entitled to relief," *see* Rule 4 of the *Rules Governing Section 2254 Cases in the United States District Courts*, I will dismiss Tucker's petition without prejudice to reassertion of his claims in an action under 42 U.S.C. § 1983.

Because "the detention complained of arises from process issued by a state court," Tucker must obtain a certificate of appealability. *See* 28 U.S.C. § 2253; Fed. R. App. P. 22(b)(1); *see also Hoffler v. Bezio*, 726 F.3d 144, 153 (2d Cir. 2013) (collecting cases of courts that ruled a state prisoner who petitions for habeas relief under 28 U.S.C. § 2241 must obtain a certificate of appealability). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*,

529 U.S. 473, 484-485 (2000). I have applied the appropriate standard and determined that Tucker is not entitled to a certificate of appealability.

IT IS THEREFORE ORDERED that:

1. The petition for writ of habeas corpus (filing 1) is dismissed without prejudice. No certificate of appealability has been or will be issued.

2. The clerk of the court shall mail a form Pro Se 14 Complaint for Violation of Civil Rights (Prisoner) and a form AO 240 Application to Proceed in District Court Without Prepaying Fees or Costs to Petitioner.

3. The court will enter judgment by separate document.

Dated this 23rd day of February, 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge